IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES R. CHENEY, JR., | **COMPLAINT** |
| Plaintiff, | |
| v. | Civil Action No. |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC., | |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This action is brought by Plaintiff James R. Cheney, Jr. for statutory damages against Defendant Retrieval-Masters Creditors Bureau, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.   JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

**III.   PARTIES**

3. Plaintiff James R. Cheney, Jr. is an individual who resides in Joliet, Illinois.

4. Mr. Cheney is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Retrieval-Masters Creditors Bureau, Inc. ("Defendant") is a corporation organized under the laws of the State of New York, located in Elmsford, New York.

6. Defendant does business in its own name.

7. Defendant does business as American Medical Collection Agency.

8. According to the records of the Illinois Secretary of State, American Medical Collection Agency is an "assumed name" of Defendant.

9. Defendant holds licenses from the State of Illinois as a collection agency, License Numbers 017000529 and 017000554.

10. Defendant is engaged in the collection of debts from Illinois consumers using the mail and telephone.

11. Defendant regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

13. On or around September 22, 2008, Mr. Cheney sought medical treatment and/or services from Quest Diagnostics Incorporated.

14. Due to the medical treatment and/or services provided by Quest Diagnostics Incorporated, Mr. Cheney incurred an alleged debt in the amount of $560.00 to Quest Diagnostics Incorporated (hereinafter referred to as "the Debt").

15. The Debt was incurred for personal, family, or household purposes, *i.e.*, for medical services and/or treatment.

16. Mr. Cheney did not pay the Debt because it was covered by his employer's workers' compensation insurance.

17. The Debt was due on the date of service.

18. Defendant obtained the Debt after it entered default.

19. On or about April 23, 2009, Defendant arranged for the preparation and transmittal of a letter to Mr. Cheney at his residence in an attempt to collect the Debt. A copy of Defendant's April 23, 2009, letter is attached hereto as Exhibit A (the reverse side of Defendant's April 23, 2009, letter is attached hereto as the second page of Exhibit A).

20. Mr. Cheney received Exhibit A shortly after April 23, 2009.

21. Exhibit A refers to "PIN NUMBER: 99271934911."

22. Exhibit A refers to "Invoice # 5419218691."

23. Exhibit A states the "Amount Due" is $560.00.

24. Exhibit A contains:

> We have been authorized to contact you regarding your past due account for laboratory tests ordered by your physician.
> \*\*\*
> You have not paid as agreed and, therefore, owe this remaining balance.

25. The second page of Exhibit A contains the language required by 15 U.S.C. § 1692g(a)(3), (4), and (5).

26. On or about May 11, 2009, Defendant arranged for the preparation and transmittal of a letter to Mr. Cheney at his residence in an attempt to collect the Debt. A copy of Defendant's May 11, 2009, letter is attached hereto as Exhibit B (the reverse side of Defendant's May 11, 2009, letter is attached hereto as the second page of Exhibit B).

27. Mr. Cheney received <u>Exhibit B</u> shortly after May 11, 2009.

28. <u>Exhibit B</u> refers to "PIN NUMBER: 99271934911."

29. <u>Exhibit B</u> refers to "Invoice # 5419218691."

30. <u>Exhibit B</u> states the "Amount Due" is $560.00.

31. <u>Exhibit B</u> contains near the top of the page inside a bolded, black box:

**SERIOUSLY PAST DUE**

(emphasis in original).

32. <u>Exhibit B</u> contains:

> You have not responded to our previous notice.
>
> We must assume that you do not dispute the debt in question and your account has been classified as a valid and undisputed debt and subject to collection in full.
>
> \*\*\*
>
> **Your deadline for payment in full is 05/25/09.**
>
> If we do not receive payment by the above date, we will pursue collections. We urge you to take care of this matter promptly. You may call us at the telephone number above if you have any questions. Otherwise, please mail your payment today with the bottom portion of this letter.

33. Even if Mr. Cheney received <u>Exhibit A</u> the day after the date on the letter – *i.e.*, April 24, 2009 – the thirty-day validation period would not have expired until May 24, 2009.

34. By unilaterally imposing a deadline at the end of, or immediately after, the validation period, Defendant required Mr. Cheney to mail his payment during the validation period.

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

36. Defendant's violations of the FDCPA include, but are not limited to:

   A. using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

   B. threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   C. assuming the debt is valid prior to the expiration of the validation period required by 15 U.S.C. § 1692g(a)(3) in violation thereof; and

   D. contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's actions violate the FDCPA, as well as an award of statutory damages, costs and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff James R. Cheney, Jr. requests that judgment be entered in his favor against Defendant Retrieval-Masters Creditors Bureau, Inc. for:

    A.    A declaratory judgment that Defendant's actions violate the FDCPA;

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    For such other relief as the Court may find to be just and proper.

## VII. JURY DEMAND

Plaintiff James R. Cheney, Jr. hereby demands that this case be tried before a Jury.

    s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF JAMES R. CHENEY, JR.